**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

HARTSEL SPRINGS RANCH OF
COLORADO, INC., a Colorado
corporation, as successor in interest to
OUTWEST RESORTS, LTD., a
Delaware corporation, and
MERCANTILE EQUITIES
CORPORATION, a Nevada
corporation,

      Plaintiff-Appellant,

v.

BLUEGREEN CORPORATION, a
Massachusetts corporation,

      Defendant-Appellee.

Nos. 01-1122, 01-1322

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 00-B-1653)**

---

Lee Katherine Goldstein (Glenn W. Merrick with her on the briefs), Brega &
Winters P.C., Denver, Colorado, for Plaintiff-Appellant.

Justin D. Cumming (Michael D. Nosler with him on the brief), Rothgerber
Johnson & Lyons, LLP, Denver, Colorado, for Defendant-Appellee.

Before **SEYMOUR**, **ALDISERT**,[*] and **EBEL**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

Plaintiff-Appellant Hartsel Springs Ranch of Colorado, Inc. ("HSR") appeals from the dismissal of its suit against Defendant-Appellee Bluegreen Corporation. The district court ruled that the suit violated the rule against claim-splitting, and that it was an improper attempt to circumvent its orders in a separate pending suit between the same parties. Because the two lawsuits were brought on behalf of separate entities who do not share identical interests, we conclude that the district court erred in finding the second suit to be an example of improper claim-splitting. We therefore **REVERSE** the district court's dismissal order and its award of attorney's fees to Bluegreen, and **REMAND** for further proceedings.

**BACKGROUND**

Hartsel Springs Ranch is a real property development in Park County, Colorado consisting of approximately 3,700 single-family residential lots. At the time of the events in question, HSR (the corporation, not the property itself) was a

---

[*] Honorable Ruggero J. Aldisert, Senior Circuit Judge, Third Circuit Court of Appeals, sitting by designation.

subsidiary of, and wholly owned by, Mercantile Equities Corporation ("MEC").

The two entities had identical boards of directors and officers. By October 1994,

MEC had conveyed title to 1,592 lots to HSR, and MEC had retained title to

2,101 lots, allegedly for tax purposes.

On December 6, 1996, HSR and Bluegreen entered into a written marketing

agreement in an effort to sell individual lots to the public. MEC was not

mentioned in the agreement and did not sign it. Bluegreen agreed to sell lots for

HSR as an exclusive marketing agent in return for approximately forty percent of

the profits. The agreement was to last for three years, although either party could

end the agreement for cause. After gradual deterioration of the parties'

relationship, Bluegreen pulled out of the project on October 31, 1997.

On August 1, 1998, HSR filed a complaint in state court alleging breach of

contract, promissory estoppel, breach of the covenant of good faith and fair

dealing, breach of fiduciary duty, fraud and deceit, negligence, and negligent

misrepresentation and omission. The action was removed to federal court based

on diversity jurisdiction. MEC and its successor in interest, Outwest Resorts,

Inc., were not mentioned in the complaint. The case became No. 98-B-2241.

The scheduling order in 98-B-2241 set March 8, 1999 as the deadline for

joinder of parties and amendment of pleadings. In December 1999, HSR moved

to amend its complaint to add Outwest as a plaintiff "to avoid any theoretical

dispute in respect of entitlement to recovery as between HSR and MEC/Outwest." In January 2000, the district court denied the motion as untimely and because HSR should have known of the additional plaintiff at the time it filed its complaint.

On May 5, 2000, HSR merged with Outwest, resulting in one entity bearing the HSR name, but representing the interests of HSR, MEC and Outwest. HSR argued that as the surviving entity, it was due damages for all 3,700 lots, regardless of whether title was held by HSR or MEC. On May 15, 2000, Bluegreen moved for partial summary judgment on HSR's tort claims and claims based on damages attributable to lots owned by MEC. The court granted the motion as to the MEC damages claims, holding that HSR could claim damages only for lots that it owned at the time the alleged damages were incurred. In the order, the court rejected HSR's arguments that it had an identity of interests with MEC, that it had "equitable" title to the lots, and that, because of the merger, the distinction in ownership was moot. The court subsequently denied HSR's motion to reconsider.

HSR then filed the suit that is the subject of this appeal, No. 00-B-1653, bringing claims as successor in interest to Outwest and MEC. HSR asserted claims against Bluegreen for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraud and

deceit, negligence, negligent representation and omission, and tortious interference with business opportunity. The district court (Judge Babcock, who was assigned both cases) granted Bluegreen's 12(b)(6) motion to dismiss, concluding that "both suits are the results of one alleged wrong, and equity supports dismissal of the suit." The court subsequently awarded Bluegreen $20,637 in attorney's fees. This appeal followed.

## DISCUSSION

## I.

The district court exercised jurisdiction pursuant to 28 U.S.C. § 1332(a), and we have jurisdiction under 28 U.S.C. § 1291. The district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a dismissal which is ordinarily subject to de novo review. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). However, here the dismissal for claim-splitting was premised in significant measure on the ability of the district court to manage its own docket, and in that situation the appellate court reviews the dismissal under an abuse of discretion standard. See Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000) (describing claim-splitting dismissal as part of district court's "general power to administer its docket"); Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (recognizing that district court

- 5 -

may dismiss suit "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court" (internal quotation marks omitted) (omission in original)); Curtis v. DiMaio, 46 F. Supp.2d 206, 215 (E.D.N.Y. 1999) (dismissing duplicative complaint and observing that "[i]t is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases"), aff'd on other grounds, 205 F.3d 1322, 2000 WL 232060 (2d Cir. 2000).

## II.

The district court acknowledged that courts "have not developed one clear and consistent test for claim-splitting," but characterized the relevant inquiry as "whether the two suits involve one wrong committed by one defendant, and whether the equity of the situation supports a dismissal of the second case." HSR contends that this is "the wrong legal standard" because it disregards the requirement that "[t]he parties, claims and available relief must be the same." HSR looks to the claim-splitting analysis set forth by the Supreme Court in United States v. The Haytian Republic, 154 U.S. 118 (1894):

> When the pendency of a [previously filed] suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be

- 6 -

founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.

Id. at 124 (internal quotation marks omitted). Consistent with these criteria, more recent cases analyze claim-splitting as an aspect of res judicata. See Davis v. Sun Oil Co., 148 F.3d 606, 613 (6th Cir. 1998) (per curiam) (referring to claim-splitting as "the 'other action pending' facet of the res judicata doctrine"); Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1365 (7th Cir. 1988) ("This application of the doctrine of res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate suits."); Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc., 182 F.R.D. 512, 522 (N.D. Ohio 1998) (noting that "the defense of claim splitting is related to the doctrine of res judicata and the notions of issue and claim preclusion"); Foianini v. Brinton, 855 P.2d 1238, 1240 (Wyo. 1993) (holding that Restatement (Second) of Judgments § 24's definition of a "claim" applies "to both the doctrine of res judicata and the closely related rule against claim splitting"); Maldonado v. Flynn, 417 A.2d 378, 382 (Del. Ch. 1980) (describing "rule against claim splitting [as] an aspect of the doctrine of res judicata"); Joseph E. Edwards, Annotation, Waiver of, by Failing to Promptly Raise, Objection to Splitting Cause of Action, 40 A.L.R.3d 108, § 1 n.2 (1971) ("It will be observed that the rule against 'splitting' appears to be considered a part of the doctrine of res judicata in several [cases].").

Within the res judicata framework, this court applies federal law to determine the effect of a previous federal judgment, even if that judgment was issued in a case based on diversity jurisdiction. Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1332-33 (10th Cir. 1988) (citing Restatement (Second) of Judgments § 87 (1982)). However, "the best federal rule for the claim-preclusive effect of a federal diversity judgment is to adopt 'the law that would be applied by state courts in the State in which the federal diversity court sits.'" Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1208 (10th Cir. 2001) (quoting Semtek Int'l, Inc. v. Lockheed Martin Corp., 121 S. Ct. 1021, 1028 (2001)). Given that our present inquiry, like a traditional claim preclusion analysis, focuses on the preclusive effect to be afforded an earlier lawsuit, we will adhere to this approach, and look to Colorado state law in our analysis of claim-splitting.

In Colorado, res judicata, also known as claim preclusion, requires "the presence of four elements: 1) finality of the first judgment;[1] 2) identity of

[1] It is clear that a motion to dismiss based on improper claim-splitting need not – indeed, often cannot – wait until the first suit reaches final judgment. See Calderon Rosado v. Gen. Elec. Circuit Breakers, Inc., 805 F.2d 1085, 1087 (1st Cir. 1986) (recognizing that, if two suits based on the same claim are pending, but the defendant waits to file a motion to dismiss until "after judgment enters on one of the two," then "the motion should be denied"); Bockweg v. Anderson, 428 S.E.2d 157, 164 n.2 (N.C. 1993) ("While it is clear that defendants could not raise their res judicata defense until and unless the [prior] court action resulted in a
(continued...)

- 8 -

subject matter; 3) identity of claims for relief; and 4) identity or privity between parties to the actions." Cruz v. Benine, 984 P.2d 1173, 1176 (Colo. 1999) (en banc). The district court erred by applying the claim-splitting prohibition without requiring identity or privity between parties.[2] "A court abuses its discretion when its decision is based on an error of law." United States v. Howell, 285 F.3d 1263, 1267 (10th Cir. 2002).

Under Colorado law,[3] "[p]rivity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and

_____

[1](...continued)
final judgment, defendants could have moved to dismiss on the grounds of a prior action pending involving the same claim."); Lake v. Jones, 598 A.2d 858, 861-62 (Md. Ct. Spec. App. 1991) ("[Defendant] may not lie in wait silently until one of the two actions is brought to judgment to ambush the plaintiff and defeat the other action." (quoting J. Friedenthal et al., Civil Procedure § 14.3 (1985))); Restatement (Second) of Judgments § 26 cmt. a (1982) ("Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the other plaintiff from proceeding and obtaining judgment in the other action."). Thus, in the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion.

[2] This circuit's res judicata standard also requires "identity of the parties or their privies in both suits." Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999).

[3] Federal law also incorporates state law "when, as with the concept of 'privity,' the issue is more distinctively substantive." Petromanagement Corp., 835 F.2d at 1333.

- 9 -

protected by the party in the litigation." Cruz, 984 P.2d at 1176 (internal quotation marks omitted). The circumstances surrounding the two lawsuits at issue in this appeal do not satisfy this standard.

The district court was correct in noting that the claims in both cases arise from a single wrong committed by Bluegreen, that HSR and MEC maintained identical boards of directors and officers, and that "the parties in both cases are represented by the same attorneys." What the district court failed to recognize, however, is that MEC's interests were not "presented and protected" by HSR in the first lawsuit. Even though HSR succeeded to MEC's interests, and thus the plaintiffs in the two suits were nominally the same,[4] MEC's and HSR's separate property holdings preclude them from being viewed as having identical interests. The district court recognized as much, as it granted Bluegreen summary judgment in the first suit on all claims based on property held by MEC, rather than HSR. In that ruling, the court characterized HSR's attempt to collect damages for property owned by MEC as "disregarding the corporate identity to secure contractual benefits for its distinct parent." The court explained:

> HSR has not shown that any injustice will result if the corporate form is not ignored. Indeed, the contrary is true. Here it is not Bluegreen as

---

[4] Perhaps this explains why the district court stated that "[t]he parties are the same, except that HSR is now named as successor in interest to Outwest and MEC." The parties may have the same names, but the underlying interests of HSR and MEC are by no means the same.

- 10 -

creditor seeking to pierce the corporate veil, but it [is] HSR as plaintiff seeking to end run its failure to join MEC as plaintiff. MEC was free to sue Bluegreen in a timely manner either in this suit or another. HSR cannot now argue that the two companies should be treated as one because MEC failed to act promptly. I therefore hold that the benefits of the HSR / Bluegreen Agreement cannot inure to MEC through an identity of interests theory.

In light of this reasoning, HSR could not have "presented or protected" MEC's interests in the first lawsuit. Accordingly, at least for purposes of the transaction underlying this litigation, HSR and MEC were not in privity.[5]

We hold that the district court abused its discretion in dismissing this action based on the prohibition against claim-splitting. The dismissal must be reversed because HSR and MEC were not identical parties or in privity under the Colorado definition of privity. Cruz, 984 P.2d at 1176.

**III.**

The district court attempted to bolster its finding of claim-splitting by concluding that HSR acted inequitably. However, our review of the record in this case does not support that conclusion. Because the district court's references to

---

[5] This is not to deny that HSR and MEC undoubtedly were in privity as to certain interests. After all, "[p]rivity may exist for the purpose of determining one legal question but not another depending on the circumstances and legal doctrines at issue. Whether there is privity between a party against whom claim preclusion is asserted and a party to prior litigation is a functional inquiry in which the formalities of legal relationships provide clues but not the solutions." Chase Manhattan Bank v. Celotex Corp., 56 F.3d 343, 346 (2d Cir. 1995).

- 11 -

the equities are interspersed with its references to the more traditional claim-

splitting factors, the analysis bears quoting at length:

> I am persuaded that this suit is an attempt to split one cause of action against Bluegreen Corporation. This case is almost identical to 98-B-2241. The parties are the same, except that HSR is now named as successor in interest to Outwest and MEC. The claims are identical, with one added claim in 00-B-1653 for tortious interference with prospective business opportunity. The claims in both cases allege one wrong: the allegedly impermissible pull-out of Bluegreen from the Property. The Complaint in 00-B-1653 is almost identical to the proposed Amended Complaint in 98-B-2241. Finally, the parties in both cases are represented by the same attorneys.
>
> Additionally, equitable considerations support a dismissal of this case. HSR and its attorneys knew or should have known that it could have brought MEC as a party to 98-B-2241. As noted in my January 21, 2000 Order, HSR should have known of MEC's importance to the case at the time it filed suit. In the alternative, HSR could have moved to amend in a timely fashion, or provided sufficient explanation for its failure to act within the required time frame. At the time that HSR filed 98-B-2241, it was a closely held corporation with MEC as its parent company. HSR and MEC maintained identical boards of directors and officers. Although the two companies were distinct corporate entities, the same people made litigation decisions for both entities. HSR has not explained why a different litigation decision was made for each corporation. However, Bluegreen should not be required to participate in two versions of the same suit as a result of that decision.
>
> Further, HSR has engaged in two maneuvers in an effort to skirt my Orders. First, HSR merged with Outwest Resorts. HSR has not explained this action as anything other than an effort to bring MEC into the case despite my Orders refusing to add MEC as a party. Second, HSR filed this suit. Although at the summary judgment stage HSR argued strenuously that it and MEC were the same entity, it now argues just as strenuously that it and MEC are distinct and separate parties and should be allowed to proceed separately.

- 12 -

Finally, HSR asserted both in its October 30, 2000 Response and in the August 29, 2000 status conference that were I to allow this suit to continue, it would move to consolidate 00-B-1653 and 98-B-2241. As a matter of procedure, consolidation would be sensible. . . . However, such a move would allow HSR to do what I declared it could not: bring MEC into the case against Bluegreen. I cannot condone such tactics. . . . The proper course of action is to wait until the first case is concluded and appeal the Judge's rulings, not file an additional case in an attempt to skirt the unfavorable rulings.

As stated by the district court, the equities of this case seem to favor dismissal. After all, "[t]here is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had." Sutcliffe Storage & Whse. Co. v. United States, 162 F.2d 849, 851 (1st Cir. 1947). And of course "the fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts." Sendi v. NCR Comten, Inc., 624 F. Supp. 1205, 1207 (E.D. Pa. 1986). There also is some support for the notion that dismissal is more justifiable given that HSR's predicament stems, in significant part, from its failure to file a timely motion to amend in the first suit. See Serlin, 3 F.3d at 224 (noting that dismissal of duplicative suit was warranted in part by the fact that "if [the plaintiff] eventually does find himself out of court, that result will be entirely a consequence of the plaintiff's own failure to follow the rules"). After reviewing the record, however, we conclude that HSR did not engage in any conduct warranting dismissal.

It is true that HSR might have brought MEC's claims into the first suit through a timely motion to amend (or MEC could have sought to bring its claims directly through a motion to intervene), but more important is the fact that there was no requirement to do so. HSR (or MEC) could have foregone the motion to amend (or intervene) completely and simply filed a separate lawsuit. Given the likely consolidation of the suits, it promised to be more efficient simply to join the claims in the first lawsuit directly, rather than going to the trouble of filing a separate suit, followed by a motion to consolidate. HSR's initial decision to choose the arguably more efficient route – misguided or not – does not foreclose the MEC claims from being heard entirely. In Integrated Techs. Ltd. v. Biochem Immunosystems, Inc., 2 F. Supp.2d 97 (D. Mass. 1998), for example, the court observed that, "[f]rom the standpoint of policy and logic, the fact that [a plaintiff's] motion to amend was denied on the ground of disruptiveness should have no bearing on the question whether plaintiff should be permitted to assert such claim in a separate lawsuit." Id. at 103. Because the second suit's claim in Integrated Technologies was "transactionally unrelated to the first and the denial of the motion to amend [was] not based on the merits of such claim, the plaintiff should be permitted to assert such claim in a second case, even though the second claim was ripe when the first one was brought." Id. The same reasoning applies here, where the second suit sets forth claims that, while transactionally related to

the first suit's claims, are brought on behalf of a separate plaintiff as to separate properties – and thus need not have been brought in the first suit at all. See N. Assur. Co. v. Square D Co., 201 F.3d 84, 87 (2d Cir. 2000) ("While denial of leave to amend a complaint may have preclusive effect in some cases, claim preclusion is unavailable here because the claims sought to be added to the first suit were against an independent party and were not required to be brought in that suit.").

The district court originally and correctly recognized that MEC could have filed a separate suit. In ruling that HSR could not recover damages for MEC's property, the court noted that "MEC was free to sue Bluegreen in a timely manner either in this suit or another." The court later tried to square this statement with its order dismissing the second suit, explaining that "HSR ignores . . . the use of the past tense and the phrase 'timely manner,'" as "[t]here is nothing timely about HSR's attempt to bring MEC into this suit." Given that the second suit was not time-barred, however, the district court's mention of untimeliness must refer to the tardy motion to amend. That HSR was precluded from bringing MEC into the first suit on a motion to amend does not bear on whether MEC – either on its own or through HSR as its successor-in-interest – may bring a separate lawsuit. Therefore, the district court's decision to dismiss the second suit seems to have

been based on the fact that the suit was filed after the motion to amend was denied, and on the court's belief that HSR was trying to circumvent that order.

It is well-settled that a plaintiff may "not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." Walton v. Eaton Corp., 563 F.2d 66, 71 (3d Cir. 1977). In particular, "the court must [e]nsure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." Id. Here, however, HSR's second suit cannot be viewed as an effort to expand its procedural rights. While it no longer had the right to amend its complaint, it did have the right to file a separate lawsuit on behalf of MEC. As the Court recognized in The Haytian Republic, the rule against claim-splitting "does not require distinct causes of action – that is to say, distinct matters, each of which would authorize by itself independent relief – to be presented in a single suit, though they existed at the same time, and might be considered together." 154 U.S. at 125 (internal quotation marks omitted). The motion to amend and the second complaint were both attempts to bring MEC's claims into court; as noted above, HSR's unsuccessful selection of the former method cannot, standing alone, foreclose the availability of the latter.

Two other points emphasized by the district court in its recitation of HSR's inequitable conduct were, in our view, erroneous. The court asserted that "HSR has engaged in two maneuvers in an effort to skirt my Orders." Contrary to the district court's view, the record does not support the conclusion that either maneuver was in bad faith.

First, the court stated, "HSR merged with Outwest Resorts. HSR has not explained this action as anything other than an effort to bring MEC into the case despite my Orders refusing to add MEC as a party." In reality, HSR's counsel did insist that the merger was tax-motivated at a hearing before the district court. And while the merger was effectuated on May 5, 2000, Bluegreen's motion for partial summary judgment in the first suit (which challenged HSR's entitlement to recover damages for property held by MEC) was not filed until May 15, 2000. This casts substantial doubt on the district court's conclusion that the merger was simply a vehicle by which HSR could circumvent the court's orders. In any event, the record contains no evidence supporting the district court's characterization of the merger.

Second, the court stated, "[a]lthough at the summary judgment stage HSR argued strenuously that it and MEC were the same entity, it now argues just as strenuously that it and MEC are distinct and separate parties and should be allowed to proceed separately." In portraying this switch in strategy as somehow

disingenuous, the district court overlooks the fact that it rejected HSR's initial argument, and held that HSR and MEC had separate interests that would have to be pursued separately.  HSR subsequently acted on the district court's holding, filing a separate suit on behalf of MEC.  This hardly can be considered inequitable conduct.

## CONCLUSION

In light of our conclusion that the district court abused its discretion in dismissing this suit, we must also reverse the award of attorney's fees, as Bluegreen is no longer the prevailing party.   We therefore **REVERSE** the district court's dismissal order and award of attorney's fees, and **REMAND** for further proceedings consistent with this opinion.