**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

DONALD E. ARMSTRONG,

Debtor.

DONALD E. ARMSTRONG,

Appellant,

v.

KENNETH A. RUSHTON, Trustee;
STEPPES APARTMENTS, LTD.;
STEVEN R. BAILEY, Trustee;
UNITED STATES TRUSTEE,

Appellees.

No. 02-4106
(BAP No. UT-02-038)
(BAP)

**ORDER AND JUDGMENT** *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Donald E. Armstrong, a debtor-out-of-possession in his Chapter 11 bankruptcy, appeals the order of the Bankruptcy Appellate Panel (BAP) denying his election to have his appeal heard in the district court and dismissing his appeal for failure to pay the filing and docketing fees. We affirm.

On January 31, 2002, the bankruptcy court confirmed the reorganization plan in Armstrong's Chapter 11 proceeding. Armstrong filed an untimely notice of appeal in the bankruptcy court (BAP case No. 02-011), causing the BAP to issue a show-cause order why the appeal should not be dismissed for lack of jurisdiction. In an attempt to remedy the late filing, Armstrong filed a motion in the bankruptcy court for an extension of time in which to file the notice of appeal. Citing Bankruptcy Rule 8002(c)(1)(F) which expressly prohibits a bankruptcy judge from extending the time for filing a notice of appeal when the order appealed from confirms a plan under 11 U.S.C. § 1129, the bankruptcy court denied Armstrong an extension. We will refer to this order as the 8002(c) denial order.

Without paying any additional filing fees, Armstrong then filed what he termed an "amended" notice of appeal in BAP 02-011 in which he sought to add to that pending appeal an appeal of the 8002(c) denial order as well as an appeal from a third matter relating to a claims order entered by the bankruptcy court. Armstrong did not, at the time he filed the "amended" notice of appeal, elect to have the matters heard by the district court. *See* Fed. R. Bankr. P. 8001(e); 28 U.S.C. § 158(c)(1). The BAP construed this "amended" notice of appeal to be two new notices of appeal and assigned them new appeal numbers: 02-038 for the appeal of the 8002(c) denial order, and 02-039 for the appeal of the claims order. By order dated May 10, 2002, the BAP informed Armstrong of its construction of his "amended" notice of appeal and ordered him to pay the filing and docketing fees within ten days.

Instead of paying the fees, Armstrong filed an election to have appeal No. 02-038 heard in the district court. The BAP docket entry in 02-038 noted that the election was untimely. On May 22, when Armstrong had not paid the fees as ordered, the BAP denied the purported election as untimely and dismissed the appeal for failure to prosecute.

Armstrong argues that he in fact timely paid the fees but that the bankruptcy court clerk arbitrarily applied his payment to another pending appeal for which no fees had yet been paid. This contention springs from the fact that,

on May 20, 2002, Armstrong did apparently tender a filing fee to the bankruptcy court but did not indicate to which of his four pending and unpaid-for appeals he wanted the fee applied. The clerk applied the fee to the oldest of the four pending appeals, docket number 906, which was the appeal of a clarification order and which appeal apparently remains pending in the district court. To date, Armstrong has not paid a filing fee for 00-038, the appeal of the 8002(c) denial order, or for 00-039, the appeal of the claims matter.

As for the bankruptcy court clerk's decision to apply the $105.00 filing fee to the oldest appeal, we have no problem with that procedure, particularly in light of the fact that Armstrong did not specify at the time he paid the fee which of his four pending appeals he wished to pay for. Other than in instances of an abuse of discretion, which is not present here, the bankruptcy court has full authority to manage its docket. *Cf. Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (discussing district court's discretion to manage its docket).

Bankruptcy Rule 8001(a) requires that the prescribed fee be paid at the time a notice of appeal is filed. The editors' comment to that rule, however, notes that, other than the filing of the notice of appeal itself, the "[o]ther steps to perfect an appeal should be promptly taken, but untimeliness is not necessarily fatal to the appeal." Fed. R. Bankr. P. 8001 cmt. (a) (Norton, 2d ed. at 547). At the grace of

-4-

the BAP, Armstrong was given until May 20, 2002, to file the fee for the "amended" notice of appeal he had filed on April 26. By May 22, he had still not paid the fee. There is no authority for Armstrong's "mail rule" under which he argues he had until May 23 to pay the fee. Bankruptcy Rule 9006(f) does not apply here because there is no service involved in the payment of a filing fee. *See* Fed. R. Bankr. P. 9006(a) (explaining computation of time in bankruptcy courts). The BAP was well within its authority to dismiss appeal No. 02-038 for failure to prosecute.

With regard to the notice-of-election issue, Armstrong argues that, because the BAP unexpectedly construed his "amended" notice of appeal as two new appeals, he was not able to file the notice of election when he filed the "amended" notice of appeal. There is no merit in this position. Armstrong, in filing his "amended" notice of appeal, was attempting to graft two new orders onto appeal No. 02-011. [1] That appeal had already been docketed without a notice of election.

Conversely, if Armstrong had had his way, all of the orders would have been considered in case No. 02-011 over which the BAP had jurisdiction by virtue

---

[1] Both the 8002(c) denial order and the claims order were final and appealable because both orders disposed of the "particular adversary proceeding or [] discrete controversy." *Ahammed v. Secs. Investor Protection Corp. (In re Primeline Secs. Corp.)*, 295 F.3d 1100, 1105 n.6 (10th Cir. 2002).

of his failure to file a notice of election when he filed the original 02-011 notice of appeal. As the BAP noted, "to the extent that the Appellant sought to add the order that is the subject of the instant appeal to appeal number UT-02-011, he consented to the jurisdiction of this Court." Aplee. Supp. App. at 75.

Even as a pro se litigant, Armstrong is required to comply with rules of civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). As such, he is on notice that those rules do not recognize anything resembling his attempt to "amend" an already untimely notice of appeal with the addition of two new final orders. He should, therefore, have filed his notice of election at the same time he filed his purported "amended" notice, aware that the BAP would do exactly what it did and construe the "amended" notice as two new notices.

Finally, Armstrong has filed supplemental authority in the form of two decisions from the BAP holding that certain sanctions imposed by the bankruptcy court for criminal contempt exceeded that court's jurisdiction. Those decisions have no relevance in this appeal and do not undermine the general jurisdiction of the bankruptcy court over the Armstrong bankruptcy matters.

Because this court finds Armstrong's allegation of poverty to be untrue based on the fact that he has allocated $750.00 per month for his litigation expenses, his motion to proceed on appeal without prepayment of costs or fees

is DENIED, and Armstrong is directed to make immediate payment of the balance of his appellate filing fee. Armstrong's motion to include the pleadings and appendix from appeal 02-4101 is DENIED. Appellee Rushton's motion to strike Armstrong's opening brief and dismiss the appeal is DENIED.

Based on the false representations contained in Armstrong's motion for stay filed in this court on August 19, 2002, Appellee Steppes Apartments, Ltd., in its opposition to that motion, has requested that sanctions be imposed on Armstrong in the amount of their attorney's fees and costs. [2] We may not award such a sanction under Rule 38, however, without a separately filed motion or notice. *See* Fed. R. App. P. 38, advisory committee's note (1994 Amendment). Nevertheless, we have concluded that Armstrong's conduct both here and in the bankruptcy court cannot be overlooked. [3] Therefore, we now invite the defendants, within fifteen days from the date of this order, to file a separate motion for sanctions in which they apprise this court of the reasonable and necessary attorney's fees and costs incurred by them in opposing the motion for stay. Armstrong will then have fifteen days from the filing of defendants' motion

[2] Steppes filed its opposition to the stay and request for sanctions three days after this court had denied the motion, thus the stay panel did not address the sanctions issue. The clerk referred the request for sanctions to the panel assigned to address the merits.

[3] There is no prohibition against imposing sanctions against a pro se litigant. *Haworth v. Royal (In re Haworth)*, 347 F.3d 1189, 1192 (10th Cir. 2003) (imposing sanctions under Fed. R. App. P. 38 for frivolous appeal).

to show cause why he should not be sanctioned.  Any sanction approved by this court shall include the additional condition that the Clerk of Court for this circuit shall not accept any new appeals from Armstrong in any civil matters, excluding habeas corpus petitions, until Armstrong has certified, under oath, that he has satisfied the sanctions.  The judgment of the BAP is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge