**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANGEL L. VEITIA PIEDRA,

      Petitioner-Appellant,

v.

EDUARDO AGUIRRE, JR.,

      Respondent-Appellee.

No. 04-1287

(D.C. No. 04-ES-1195)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Petitioner Angel Piedra, a federal prisoner appearing pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's ruling.

Piedra is a Cuban national who arrived in the United States in 1980 on the Mariel boat lift. In 1990, Piedra was allegedly taken into custody by the Immigration and Naturalization Service and ordered deported to Cuba. Because Cuba has refused his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

return, Piedra has remained in federal custody since that time. On September 25, 2003, Piedra filed a federal habeas petition challenging the legality of his detention. On January 15, 2004, Piedra filed a second such petition. The two petitions were subsequently consolidated by the district court for resolution on the merits. While those petitions were pending, Piedra filed a third petition asserting identical claims. The district court concluded the third petition was duplicative and thus dismissed it as frivolous, presumably pursuant to 18 U.S.C. § 1915(e)(2)(B)(i). Piedra now appeals from that ruling.

"[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citations omitted). A district court, as part of its general power to administer its docket, "may stay or dismiss a case that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). If the duplicative case has been filed by a prisoner proceeding in forma pauperis, the district court has the option of dismissing it as frivolous pursuant to § 1915(e)(2)(B)(i). See McWilliams v. State of Colo., 121 F.3d 573, 575 (10th Cir. 1997) (affirming dismissal of duplicative suit as frivolous). We review for abuse of discretion a district court's dismissal of a case as being duplicative of another case pending before it. See Curtis, 226 F.3d at 138; see also Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982, 985 (10th Cir. 2002) ("[H]ere the dismissal for claim-splitting was

2

premised in significant measure on the ability of the district court to manage its own docket, and in that situation the appellate court reviews the dismissal under an abuse of discretion standard."). Likewise, we review for abuse of discretion a district court's decision to dismiss a case as frivolous pursuant to § 1915(e)(2)(B)(i). See Conkle v. Potter, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003).

Although Piedra appeals from the district court's dismissal of his third petition, he does not challenge the district court's conclusion that it was duplicative of his first two petitions. Instead, he simply asserts that his continued detention is unlawful. We therefore find no basis for concluding that the district court abused its discretion in dismissing Piedra's third petition.[1]

AFFIRMED. Appellant's motion to proceed in forma pauperis is granted.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] The record on appeal indicates that the district court dismissed Piedra's remaining consolidated petitions on the merits in September 2004. Since that time, however, the United States Supreme Court has held that Mariel Cubans, such as Piedra, cannot be held indefinitely by the federal government. See Clark v. Martinez, 125 S.Ct. 716 (Jan. 12, 2005).