FILED
United States Court of Appeals
Tenth Circuit

June 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SYLVANA LUCIANI,

      Plaintiff-Appellant,

v.

JAQULIN C. INGLE, Administrative
Services Division Director,
New Mexico Department of Labor, In
Her Individual Capacity; TERRY
OTHICK, Information Services
Consultant, New Mexico Department
of Labor, In His Individual Capacity;
DORIS DUHIGG, EEO Officer,
New Mexico Department of Labor,
In Her Individual Capacity; JOEL
KORNGUT, Human Resources Bureau
Chief, New Mexico Department of
Labor, In His Individual Capacity;
LALA TRUJILLO-GARCIA,
Administration/Operations Manager,
New Mexico Department of Labor,
In Her Individual Capacity; PATRICK
SIMPSON, General Counsel,
New Mexico Department of Labor,
In His Individual Capacity; VIRGINIA
BACA, Administrative Assistant,
New Mexico Department of Labor,
In Her Individual Capacity,

      Defendants-Appellees.

No. 07-2248
(D.C. No. 1:06-cv-00426-JCH-LFG)
(D. N.M.)

Before **McCONNELL** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Sylvana Luciani appeals the dismissal of her suit, brought under 42 U.S.C. § 1983, which alleged constitutional violations stemming from the termination of her employment.  Defendants removed the matter to federal court and subsequently moved to dismiss for lack of jurisdiction due to Ms. Luciani's failure to effect proper service.  The district court denied defendants' motion and gave Ms. Luciani until December 29, 2006, to effect proper service.  The court directed defendants to respond within thirty days from the date of service.

On December 27, 2006, Ms. Luciani served defendants, who on January 16, 2007, again moved to dismiss.  Ms. Luciani answered the motion to dismiss, not by addressing its merits, but by arguing that it was untimely.  She asserted that because the court's initial pretrial report (IPTR) set December 28, 2006, as the deadline for filing all non-discovery, pretrial motions, defendants' motion to

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismiss was filed too late. The court rejected her contention and dismissed the complaint with prejudice because it failed to comply with Fed. R. Civ. P. 8(a) and failed to state a claim for relief. Now on appeal, Ms. Luciani maintains that the motion to dismiss was untimely because the IPTR governed the deadline to respond to her complaint.[1]

The district court's decision to modify the IPTR-deadline was a function of the court's authority to manage its docket, which we review for an abuse of discretion. *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002). Ms. Luciani's argument is patently without merit. The court modified the December 28, 2006, IPTR-deadline because Ms. Luciani did not properly serve defendants. Modification of the original December 28 deadline was obviated by the court's order giving her until December 29 to perfect service. Indeed, had the court not extended the deadline, defendants would have been obligated to file their response before Ms. Luciani was required to serve them. Moreover, under the original IPTR-deadline, defendants would have had only one day to respond to the complaint. This is precisely why the court afforded defendants thirty days after service to file their response. The court's

---

[1] To support her position, Ms. Luciani invokes a prior version of D.N.M.LR-Civ. 16.1 (amended Mar. 5, 2007), which provided, in part: "Any deadlines established in the Initial Pretrial Report will govern actions in pretrial matters once the report is entered by the Court. Any modifications of the deadlines, whether or not opposed, will require a showing of good cause and Court approval."

modification of the IPTR-deadline was clearly within its discretion. Although Ms. Luciani insists she ought to be given the opportunity to address the merits of the motion to dismiss, she waived her opportunity when she failed to make her arguments in the district court. *See Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc.*, 413 F.3d 1163, 1167 (10th Cir. 2005) (finding waiver where argument not raised in district court).

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge