**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUY GRIMSLEY,

             Plaintiff - Appellant,

  v.

CHARLES RIVER LABORATORIES,
INC., a Delaware Corporation,

             Defendant - Appellee.

No. 10-16704

D.C. No. 3:09-cv-00680-ECR-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted January 19, 2012
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Guy Grimsley filed two actions against Charles River Laboratories in the

District of Nevada, numbered 3:08-cv-00482-LRH-VPC ("*Grimsley I*") and

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

3:09-cv-00680-ECR-VPC ("*Grimsley II*"), respectively. Grimsley appeals from the district court's dismissal of *Grimsley II.*[1] We affirm.

When the district court denied Grimsley leave to add his retaliation claim in *Grimsley I*, Grimsley had options. He could have moved to stay *Grimsley I* pending his exhaustion of the retaliation claim before the EEOC. Alternatively, he could have litigated his discrimination claims to their conclusion, and then appealed the district court's denial of leave to this court. *See Bouman v. Block*, 940 F.2d 1211, 1228-29 (9th Cir. 1991) (plaintiff could add unexhausted retaliation claim in her discrimination suit because the retaliation claim was "reasonably related" to the discrimination action). *But see Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 644-46 (9th Cir. 2003) (unexhausted retaliation claim was not "reasonably related" to discrimination claim because the allegedly retaliatory acts did not "fall under an investigation that the EEOC would have conducted").

Grimsley's options did not, however, include the right to bring his retaliation claim in a new action. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688

---

[1] While this appeal was pending, the district court dismissed *Grimsley I*, and Grimsley filed another appeal, which this court numbered 12-15106. This disposition addresses only Grimsley's appeal from *Grimsley II*, not his appeal from *Grimsley I.* We do, however, grant Charles River's unopposed January 12, 2011 motion to take judicial notice of certain documents filed in *Grimsley I,* and take judicial notice of other relevant *Grimsley I* documents on our own initiative. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

(9th Cir. 2007) ("'[T]he fact that plaintiff was denied leave to amend does not give h[er] the right to file a second lawsuit based on the same facts.'" (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 989 (10th Cir. 2002) (second alteration in original))). As we explained in *Adams*, a district court may dismiss an action as "duplicative" of an earlier action if "'assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion.'" *Id.* (quoting *Hartsel*, 296 F.3d at 987 n.1). *Grimsley II* could be precluded pursuant to claim preclusion by *Grimsley I* because the two actions involve identical parties and arise from the same cause of action. *See id.* at 688-89. We hold that the district court did not abuse its discretion by dismissing *Grimsley II* as duplicative of *Grimsley I*.

In addition, Grimsley's counterclaim theory in *Grimsley II* fails to state a claim on which relief may be granted. To show retaliation under the ADEA or Title VII, an employee must show "that (1) she was engaging in protected activity, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140-41 (9th Cir. 2001); *see also Poland v. Chertoff*, 494 F.3d 1174, 1179-80 & n.1 (9th Cir. 2007) (the standard for retaliation under the ADEA is the same as the standard for

3

retaliation under Title VII).  Although "[t]he scope of [Title VII's] antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm," the provision "protects an individual not from all retaliation but from retaliation that produces an injury or harm."  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).  To prove a cognizable injury, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Id*. at 68 (internal quotation marks removed).

Grimsley suggests that counterclaims may be actionably retaliatory in "rare cases," such as when they have no basis in law and fact and were filed with retaliatory motive.  However, adopting this test would not aid Grimsley, because Charles River's counterclaims did have an arguable basis in law and fact.  Grimsley agreed to repay his relocation reimbursement if he was terminated within a year, and Nevada law gave Charles River a basis for arguing that Grimsley could not use extrinsic evidence to contradict the unambiguous meaning of this agreement.  *Kaldi v. Farmers Ins. Exch.*, 21 P.3d 16, 22-23 (Nev. 2001).  Nevada law also provided some support for the theory that Grimsley's return of allegedly converted property did not nullify a conversion, but only mitigated damages.  *Evans v. Dean Witter*

4

*Reynolds, Inc*., 5 P.3d 1043, 1049 (Nev. 2000) (quoting and overruling on other grounds *Bader v. Cerri*, 609 P.2d 314, 317 (Nev. 1980)). Indeed, the district court in *Grimsley I* granted summary judgment to Charles River on its contract counterclaim and held that its conversion counterclaim presented genuine issues of material fact for trial. Charles River's filing of the Grimsley I counterclaims did not constitute a materially adverse employment action.

**AFFIRMED**.