FILED
United States Court of Appeals
Tenth Circuit

October 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND L. ZISUMBO,

Plaintiff-Appellant,

v.

OGDEN REGIONAL MEDICAL
CENTER; ANTHONY RODEBUSH,

Defendants-Appellees.

No. 12-4191
(D.C. No. 1:12-CV-00091-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

This appeal concerns the proper interplay between two lawsuits.

In the first suit, Raymond Zisumbo alleged that his former employer violated

Title VII. Long after the court's deadline for the filing of any amended pleadings,

Mr. Zisumbo sought to do just that. He presented a motion seeking leave to file an

amended complaint in order to add a new legal theory and a new defendant. The

district court denied the motion, explaining that Mr. Zisumbo easily could have filed

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his amended complaint before the deadline, that he had offered no cogent explanation for his delay, and that permitting the amendment now would prejudice the defense.

That brings us to the second suit. After Mr. Zisumbo lost his motion to amend in his first suit he decided to bring a second. The complaint in this second suit turned out to be essentially identical to the amendment he had wanted to make in the first suit. Next, Mr. Zisumbo filed a motion in the second lawsuit seeking to consolidate it with the first. Quite plainly, Mr. Zisumbo sought to achieve indirectly what he couldn't achieve directly. Seeing this, the defendants opposed the motion to consolidate and filed a motion to dismiss. In the end, the district court agreed with the defendants, denying the motion to consolidate and dismissing the second suit.

These are the rulings now at issue before us, and we can find no fault with them. When it dismissed Mr. Zisumbo's second suit, the district court relied on the long-settled rule against claim-splitting. In order to conserve public judicial resources, that rule usually requires plaintiffs to assert and pursue all of their causes of action arising from a common set of facts in a single lawsuit. *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). When a district court dismisses duplicative litigation from its docket on claim-splitting grounds, our review looks only for abuses of discretion. *Id.* Here, we can discern none. Mr. Zisumbo doesn't deny that his second suit is based on the same facts as his first. Neither does he challenge the district court's application of our claim-splitting precedents.

Instead, Mr. Zisumbo argues that the outcome is inequitable because the claim-splitting problem could have been solved just as easily by granting his motion to consolidate. As the district court explained, however, if any inequity arises in these circumstances it is when parties seek to "use the tactic of filing two substantially identical complaints to expand the procedural rights [they] would have otherwise enjoyed." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002) (quotation marks omitted). If Mr. Zisumbo thinks the district court erred when it denied his motion to amend, his remedy lies in a properly presented appeal. That's the equitable and legally prescribed route for seeking to achieve his goal; as the district court held, the evasive claims-splitting maneuver he attempted is not.

Affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge