**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



KRISTY HENDERSON,

                Plaintiff - Appellant,

    v.

JOHN BONAVENTURA; LOU
TOOMIN; LAS VEGAS TOWNSHIP
CONSTABLE'S OFFICE; CLARK
COUNTY,

                Defendants - Appellees.

No. 14-15944

D.C. No. 2:13-cv-01921-RCJ-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Argued and Submitted April 14, 2016
San Francisco, California

Before: WALLACE, SCHROEDER, and KOZINSKI, Circuit Judges.

    Kristy Henderson appeals from the judgment entered against her and raises

issues with two of the district court's orders. First, she challenges the district

court's order dismissing four of her claims. Second, she contends that the court

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

erred in granting summary judgment in favor of Appellees on her Title VII claims. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Henderson does not challenge the district court's dismissal of Clark County as a defendant. Accordingly, we do not address that ruling. Any reference we make to "Appellees" in this disposition excludes Clark County.

We first address our jurisdiction to hear this case. Appellees initially argued that we lacked jurisdiction because Henderson's notice of appeal was not filed within thirty days after the district court's January 10, 2014 dismissal order. But, at oral argument, counsel wisely withdrew this argument, since Rule 54(b) of the Federal Rules of Civil Procedure provides that unless the district court directs entry of a final judgment, any order adjudicating "fewer than all the claims . . . does not end the action as to any of the claims or parties." Because the district court did not direct entry of a final judgment after issuing its January 10, 2014 dismissal order, that order became appealable only after the district court issued its judgment disposing of all the claims. Accordingly, we have jurisdiction to review all the issues before us.

Henderson contends that the district court erred in dismissing claims four (breach of contract), five (violations of Nevada state law and the United States and Nevada Constitutions), and six (breach of the implied covenant of good faith and

fair dealing) of her complaint under the anti-claim-splitting doctrine. We review the district court's application of this doctrine for an abuse of discretion. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). The anti-claim-splitting doctrine prevents a party from maintaining "two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). To determine whether an action is barred under the doctrine, "the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Id.* at 689 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n.1 (10th Cir. 2002)).

The district court abused its discretion in applying the anti-claim-splitting doctrine here. *Adams* holds that the doctrine applies where a party maintains two actions "in the same court." *Id.* at 688 (quoting *Walton*, 563 F.2d at 70). Here, Henderson filed one complaint in state court and another in federal court. Because she filed her complaints in separate courts, the proper inquiry for the district court was whether to abstain from the case. The Supreme Court has explained that federal courts should assess the "appropriateness of dismissal in the event of an

3

exercise of concurrent jurisdiction" by applying a non-exhaustive list of factors. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). These factors include: (1) "the inconvenience of the federal forum," (2) "the desirability of avoiding piecemeal litigation," and (3) "the order in which jurisdiction was obtained by the concurrent forums." *Id.* (citations omitted). We therefore reverse the district court's dismissal of claims four, five, and six, and remand for further consideration of these claims in light of Henderson's voluntary dismissal of her state-court action.

The district court also dismissed claim seven (wrongful discharge) of the complaint, concluding that Henderson was an at-will employee and had not shown her employer terminated her in violation of Nevada public policy. We reverse and remand on this claim because the district court did not properly apply the Nevada Supreme Court's decision in *Allum v. Valley Bank of Nev.*, 970 P.2d 1062 (Nev. 1998). There, the Nevada Supreme Court held that "[a] claim for tortious discharge should be available to an employee who was terminated for refusing to engage in conduct that he, in good faith, reasonably believed to be illegal." *Id.* at 1068. But instead of assessing whether Henderson had a good faith belief that participating in the reality-TV show would be illegal, the district court "estimated that the Nevada Supreme Court would likely only recognize termination of an employee for refusal

to participate in serious felonies as sufficient to invoke an exception to the at-will employment doctrine." This stated standard conflicts with *Allum*. Accordingly, we reverse and remand for the district court to apply *Allum* properly.

We now turn to the district court's summary judgment. The district court granted Appellees summary judgment on Henderson's Title VII claims (claims one through three of her complaint), concluding that Henderson was judicially estopped from pursuing those claims because she failed to list them in a separate bankruptcy filing. We review the district court's application of judicial estoppel for an abuse of discretion. *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 992 (9th Cir. 2012).

Under the doctrine of judicial estoppel, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689 (1895). The doctrine's "purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (internal quotation marks and citations omitted). Several factors "inform the decision

whether to apply the doctrine in a particular case," *id.* at 750, including: (1) whether the party's later position is clearly inconsistent with its earlier one, (2) whether the party was successful in persuading the court of its earlier position, and (3) whether the opposing party would suffer any prejudice. *Id.* at 750–51.

We hold that the district court abused its discretion in applying judicial estoppel to Henderson's Title VII claims. The district court premised its application of judicial estoppel on the notion that Henderson took an inconsistent position by failing to disclose her claims in her pending bankruptcy action. But an examination of the record shows that this premise is faulty. Henderson filed for bankruptcy on August 3, 2012, which was about three weeks before she filed a charge of discrimination with the EEOC. On the same day she filed her charge of discrimination, she amended her bankruptcy schedules to disclose her potential claims against her employer. The district court apparently missed this amendment since it mistakenly observed that "[Henderson] does not appear to have ever disclosed to the bankruptcy court the existence of her contingent claims." This statement is plainly erroneous and thus we must reverse the district court's summary judgment in favor of Appellees on Henderson's Title VII claims, and we remand for further consideration.

We reverse the district court's determinations that Toomin cannot be sued under Title VII and that Bonaventura can only be sued in his official capacity. The district court erred by considering these arguments after Appellees raised them in their reply brief and without giving Henderson an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). On remand, the district court shall permit Henderson to address these arguments.

Henderson's motion for judicial notice is granted.

**REVERSED AND REMANDED.**

*Henderson v. Bonaventura*, No. 14-15944

WALLACE, J., concurring in part and dissenting in part

I concur in the panel's disposition except for the holding reversing the district court's determinations that Deputy Constable Lou Toomin and Constable John Bonaventura cannot be held liable under Title VII. While the disposition correctly holds that the district court's failure to give Henderson an opportunity to address these issues is reversible error under *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996), instead of reversing and remanding for the district court to allow Henderson to address the issues, I would follow *Provenz*'s lead by considering Henderson's proposed surreply in deciding whether the district court erred in its determinations. *Id.*

Henderson argues that the district court erred in holding that Toomin "is not an 'employer' who can be sued under Title VII at all." While the court was correct insofar as Toomin cannot be held liable in his individual capacity, *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993), it nonetheless erred by holding that he cannot be held liable "at all" because an employee can create liability for an employer under the theory of respondeat superior. *Id.* at 588 ("No employer will allow supervisory or other personnel to violate Title VII when the employer is liable for the Title VII violation"). Thus, I would vacate and remand the district court's ruling as to Toomin because the district court's blanket holding

fails to recognize that Toomin's actions may create liability for the Constable's Office.

Henderson also argues that the district court erred in holding that Bonaventura could be held liable only in his official capacity. I would affirm this portion of the court's ruling since an employee cannot be held liable under Title VII in his individual capacity. *Id.* at 587.