LG Electronics v. Wi-LAN USA

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand fifteen.

PRESENT:

> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC.,

> *Plaintiffs-Appellants*,

v.                                                     No. 14-3035

WI-LAN USA, INC., WI-LAN, INC.,

> *Defendants-Appellees*.

---

| | |
|---|---|
| FOR APPELLANTS: | JAMES J. LUKAS (Richard D. Harris, Mathew J. Levinstein, *on the brief*), Greenberg Traurig, LLP, Chicago, IL. |
| FOR APPELLEES: | MONTE M. BOND (Patrick J. Conroy, Daniel F. Olejko, *on the brief*), Bragalone Conroy PC, Dallas, TX. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiffs LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG") appeal from a judgment of the district court denying their request for declaratory and injunctive relief and granting the motion of defendants Wi-LAN, Inc. and Wi-LAN USA, Inc. (collectively, "Wi-LAN") to compel arbitration of whether the parties' patent license agreement ("PLA") covers certain LG products that are the subject of Wi-LAN's patent infringement claims.[1] LG argues that the district court erred in holding that Wi-LAN has not waived its right to arbitration and that the "claim splitting" doctrine does not bar Wi-LAN from litigating its patent infringement claims in federal court while arbitrating the interpretation of the PLA. We assume the parties' familiarity with the facts and procedural history.

1. <u>Waiver of Arbitration</u>

In determining whether a party through its litigation conduct has waived its right to arbitration of a dispute, we consider: "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including

---

[1] The parties agreed to arbitrate any disputes "in connection with the interpretation" of the PLA. J.A. 99.

motion practice and discovery; and (3) proof of prejudice." La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 626 F.3d 156, 159 (2d Cir. 2010) (internal quotation marks omitted). "The key to a waiver analysis is prejudice," and waiver "may be found only when prejudice to the other party is demonstrated." Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 105 (2d Cir. 2002) (internal quotation marks omitted). "We have recognized two types of prejudice: substantive prejudice and prejudice due to excessive cost and time delay." La. Stadium, 626 F.3d at 159. Because of our "strong presumption in favor of arbitration," such a waiver "is not to be lightly inferred," Thyssen, 310 F.3d at 104-05 (internal quotation marks omitted), and any doubts "are resolved in favor of arbitration," Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995).

LG's waiver argument fails because LG has not demonstrated either form of prejudice. At the time of the arbitration demand, no rulings on LG's substantive motions had been issued or foreshadowed, nor has LG shown that the demand compromised its legal position in any way. Thus, Wi-LAN was not attempting "to relitigate [an] issue by invoking arbitration," Doctor's Assocs., Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir. 1997) (internal quotation marks omitted), or to "obtain the benefit of the analysis contained in [LG's motions]," La. Stadium, 626 F.3d at 160. And because LG has produced no discovery, Wi-LAN did not "obtain[] information through discovery procedures not available in arbitration." Doctor's Assocs., 107 F.3d at 131.

3

Nor did Wi-LAN, by bringing suit in federal court, "act[] inconsistently with its contractual right to arbitration," La. Stadium, 626 F.3d at 160 (internal quotation marks omitted), or unduly delay asserting that right. Wi-LAN has colorably maintained that its claims do not implicate the PLA, and it demanded arbitration only two weeks after that position was first disputed. A party does not waive its right to arbitration under an agreement it contends is inapplicable merely by not raising that agreement as an anticipatory defense.[2]

In any event, LG has not shown prejudice from delay or expense even were we to start the clock from the filing of the lawsuit. We have found periods longer than the four-month gap at issue here to be insufficient, without more, to establish prejudice. See, e.g., PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 108 (2d Cir. 1997) (five months); Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985) (eight months). And while LG asserts that it has incurred significant expenses, no discovery took place and only a few motions were filed. "Incurring legal expenses inherent in litigation, without more, is insufficient evidence of prejudice to justify a finding of waiver." PPG, 128 F.3d at 107; accord Leadertex, 67 F.3d at 26 (ordinary "pretrial expense and delay" alone are insufficient). Moreover, the bulk of litigation activity occurred *after* Wi-LAN's arbitration demand, and much of that activity is attributable to LG's opposition to

---

[2] We do not address whether a party bringing suit waives its right to arbitrate the interpretation of an agreement where the relevance of the agreement to the party's claims is facially obvious.

arbitration. That portion of the delay and expense of course cannot weigh in favor of a waiver finding.

### 2. "Claim Splitting" Doctrine

"Th[e] rule against claim splitting is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times." AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 73 (2d Cir. 2003) (internal quotation marks omitted).

LG contends that Wi-LAN impermissibly seeks to split its infringement claims in two respects. First, Wi-LAN seeks to arbitrate LG's assertion that the PLA provides a defense with respect to its 6200 series television, while litigating in federal court the underlying infringement dispute with respect to the 6200 series. Second, Wi-LAN seeks to arbitrate applicability of the PLA with respect to the 6200 series, while litigating in federal court whether other (to date unspecified) LG products – for which LG has not asserted a defense under the PLA and therefore for which there is no agreement to arbitrate disputes – also infringe on its patents.

The claim splitting doctrine does not bar arbitration of claims or defenses that the parties have agreed to arbitrate, while litigating overlapping claims or defenses that the parties have not agreed to arbitrate. LG cites no case applying the claim splitting doctrine

– which is typically confined to "situations where the second suit is duplicative of *another federal court suit*," Kanciper v. Suffolk County Soc. for the Prevention of Cruelty to Animals, Inc., 722 F.3d 88, 93 (2d Cir. 2013) (emphasis in original) – in the arbitration context. To the contrary, the Supreme Court has explained that the Federal Arbitration Act "requires piecemeal resolution when necessary to give effect to an arbitration agreement." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985). In such circumstances, a court must "compel arbitration of pendent arbitrable claims . . . , even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." Id. at 217. Because the parties agreed to arbitrate the interpretation of the PLA, but did not agree to arbitrate the entirety of future infringement claims, the district court was correct to compel arbitration of the PLA defense, while allowing the underlying suit to proceed in federal court pending resolution of that arbitrable issue. To the extent LG protests arbitrating a defense that might apply to certain of its allegedly infringing products but not others, that "splitting" likewise is not barred by the doctrine. "When a dispute consists of several claims, the court must determine on an issue-by-issue basis whether a party bears a duty to arbitrate," compelling arbitration of arbitrable claims, and permitting litigation of non-arbitrable claims. In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 142 (2d Cir. 2011), citing Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir.2005).

We have considered all of LG's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk