**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERRENCE M. WYLES,

     Plaintiff - Appellant,

v.

ALLEN Z. SUSSMAN; LOEB & LOEB LLP,

     Defendants - Appellees.

No. 15-1258
(D.C. No. 1:15-CV-00393-CMA-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

     Terrence Wyles filed a complaint in state court asserting multiple claims against multiple defendants. While the state proceeding was pending, Wyles filed a complaint in federal court asserting nearly identical claims against nearly all of the same defendants. Concluding that Wyles improperly split his claims between state and federal court, the district court dismissed Wyles' federal complaint. Because the district court erroneously concluded that Wyles' pending state-court action precluded his parallel federal-court action, we vacate and remand for further proceedings.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. _See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

BACKGROUND

In March 2014, Terrence Wyles filed a complaint in Arapahoe County District Court in Colorado against 15 defendants, including his former employers, Aluminaid International, A.G. and West Hills Research & Development; several of their officers; the law firm of Loeb & Loeb, LLP; and a partner in that firm—Allen Sussman. The complaint contained nine claims that arose from Wyles' former employment as in-house counsel for Aluminaid and West Hills. In October 2014, Wyles filed a motion to amend the complaint, seeking to add a claim of professional malpractice against Sussman and Loeb & Loeb, LLP (collectively, the Loeb defendants). In January 2015, the state court denied the motion.

Six weeks later, Wyles filed this federal lawsuit. Wyles' federal complaint is substantially similar to his state complaint except that Wyles added both a negligence claim against the Loeb defendants and a misrepresentation claim against other defendants, and also omitted two defendants who were named in the state complaint. The new negligence claim mirrored the malpractice claim that Wyles unsuccessfully sought to add in state court.

The Loeb defendants[1] moved to dismiss the federal complaint. In June 2015, the district court granted the motion and in doing so, noted that Wyles could have

---

[1] Wyles perfected service of the federal complaint only on the Loeb defendants. Wyles moved for leave to serve the remaining 11 defendants through substitute service, but the district court denied that motion. The record reflects that Wyles never served the remaining defendants and the district court didn't dismiss those defendants before entering final judgment. On appeal, in response to our request for supplemental briefing to resolve a jurisdictional issue, the Loeb

raised all of his claims in state court. Applying the rule against claim-splitting, the district court reasoned that Wyles can't "file two substantially identical complaints in order to evade procedural restrictions." App. 240. Wyles appeals.

## DISCUSSION

Wyles argues the district court erred in dismissing his complaint based on the rule against claim-splitting. First, he contends that the rule only allows dismissal when the challenged state and federal actions are identical and—because his state and federal actions weren't identical—the district court erred in dismissing his federal action based on claim-splitting. Alternatively, he contends the rule requires a plaintiff to bring all claims in one court and that he complied with the rule by bringing all of his claims in federal court after the state court denied his motion to add the malpractice claim against the Loeb defendants. The Loeb defendants, on the other hand, urge us to affirm based on the district court's claim-splitting rationale. But neither party addresses whether the rule against claim-splitting applies to duplicative complaints filed in state and federal court versus duplicative complaints filed in federal courts. And as we discuss below, resolution of this preliminary issue ultimately requires us to reverse the district court's order.

---

defendants explained the status of the unserved defendants. In a separate order, we found the unserved defendants weren't required parties under Fed. R. Civ. P. 19, and dismissed them under Fed. R. Civ. P. 21 and *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989). Having resolved our concerns about the district court's subject-matter jurisdiction, we concluded diversity jurisdiction exists under 28 U.S.C. § 1332(a).

3

Because a dismissal for claim-splitting is premised on the district court's ability to manage its own docket by dismissing duplicative cases, we ordinarily review such a dismissal for abuse of discretion. *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002). But the threshold legal question of whether the claim-splitting rule applies at all is one we review de novo. *See Kanciper v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 91 (2d Cir. 2013).

As the district court noted, we have held that "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). "[T]he claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation." *Id.* at 1218-19. For example, a district court may apply the rule against claim-splitting when a party files two identical—or nearly identical—complaints to get around a procedural rule. *See Hartsel Springs*, 296 F.3d at 990 (recognizing general rule that "plaintiff may 'not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed'" (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977))).

Citing *Katz* and *Hartsel Springs*, the district court concluded that Wyles couldn't evade the state court's denial of his motion to amend by filing a substantially similar complaint in federal court that contained the very claim the state court refused to let Wyles add, via amendment, to his state complaint. But both *Katz* and *Hartsel Springs* concerned the plaintiffs' attempts to concurrently maintain substantially similar lawsuits

4

in *federal* court. *See Katz*, 655 F.3d at 1214; *Hartsel Springs*, 296 F.3d at 984-85. And although the district court and the parties appeared to assume that the claim-splitting rule applies equally to attempts to maintain identical actions in state and federal court, case law indicates otherwise.

Admittedly, *Katz* employed broad language in requiring a plaintiff to bring all factually-related claims in one lawsuit. *See* 655 F.3d at 1217 (stating "rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit"). But the general rule is that a pending state-court action "is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Consistent with that rule, we've previously commented upon simultaneous jurisdiction of factually-related suits in federal and state courts. *See Carter v. City of Emporia*, 815 F.2d 617, 621 (10th Cir. 1987) (noting plaintiff "may freely split a cause of action between federal and state courts and pursue both actions," though noting the risk of claim preclusion). Though we permit dismissal of a federal suit under exceptional circumstances, we've warned against dismissing a federal suit solely because a similar suit was pending in state court. *See, e.g.*, *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) ("And, to be sure, a federal court will not and should not shy away from contemporaneously exercising concurrent jurisdiction with a state court in the ordinary course of things."); *Fox v. Maulding*, 16

F.3d 1079, 1082 (10th Cir. 1994) (noting that pending state-court action doesn't preclude parallel federal-court action).

In contrast, a federal court generally will avoid duplicative litigation within the federal court system. *See Colorado River*, 424 U.S. at 817 ("As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation."). Enforcing the claim-splitting rule is one way a federal court avoids duplicative federal litigation. *See, e.g.*, *Katz*, 655 F.3d at 1217 (describing claim-splitting as maintaining "two actions on the same subject in the same court, against the same defendant at the same time" (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000))); *Hartsel Springs*, 296 F.3d at 985 (noting that dismissal for claim-splitting is proper when duplicative action is "already pending in another federal court" (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993))). As our Supreme Court explained in *Colorado River*, "This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." 424 U.S. at 817.[2]

---

[2] Citing *Colorado River*, the Second Circuit recently reiterated that the rule against claim-splitting isn't a valid theory for dismissal when addressing parallel state and federal litigation. *See Kanciper*, 722 F.3d at 88, 93. Notably, the district court in *Kanciper* relied on our decision in *Katz* in dismissing the case under the rule against claim-splitting. *Kanciper*, 722 F.3d at 91-92. The Second Circuit vacated and remanded, concluding that the district court erred in relying on *Katz* because *Katz* involved duplicative cases pending in the same federal district court rather than duplicative cases pending in federal and state courts. *Id.* at 92, 94.

Here, Wyles first filed suit in state court and later filed a nearly identical suit in federal court. In dismissing the federal complaint under the rule against claim-splitting, the district court faulted Wyles for filing the federal complaint in what the district court saw as an effort to evade an unfavorable procedural ruling in state court. But such an evasive tactic is improper only when both complaints are filed in federal court. *See Walton*, 563 F.2d at 71 (explaining that when consolidating two federal actions, court must ensure plaintiff didn't file duplicative complaint to circumvent rules pertaining to amending complaint). And a federal court with jurisdiction isn't barred from hearing a suit concerning the same matter as a suit pending in state court. *See Colorado River*, 424 U.S. at 817. Accordingly, the district court erred in dismissing Wyles' federal complaint under the rule against claim-splitting.[3]

Alternatively, the Loeb defendants argue that the *Colorado River* doctrine supports dismissal. *See D.A. Osguthorpe Family P'ship*, 705 F.3d at 1233-34, 1233 n.13 (describing the *Colorado River* doctrine as "a judicially crafted doctrine of efficiency"

---

[3] To the extent the district court also suggested that several of Wyles' claims may be subject to claim preclusion, we note that dismissal under these circumstances was improper because the state court hadn't yet entered a final judgment on the merits in Wyles' state action. *See Hartsel Springs*, 296 F.3d at 986 (noting that in exercising diversity jurisdiction we look to state law for claim-preclusion analysis); *O'Neill v. Simpson*, 958 P.2d 1121, 1123 n.4 (Colo. 1998) (requiring "final judgment on the merits" for claim preclusion to apply). In discussing claim-splitting in their response brief, the Loeb defendants assert in passing that the district court properly ruled that claim preclusion precluded Wyles' federal suit. But they don't explain why they believe the district court was correct and don't allege that the state action was a final judgment on the merits. *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (noting that burden falls on party asserting claim preclusion to establish all necessary elements). Rather, the defendants informed us at oral argument that the state action remains pending on appeal. Under Colorado law, a pending appeal prevents preclusive effect of a prior judgment. *See Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005).

that applies in cases involving concurrent federal or federal and state jurisdiction and that permits federal courts to dismiss certain cases to avoid piecemeal litigation and conserve judicial resources).

Because the district court declined to address the Loeb defendants' argument that it should dismiss this suit in deference to the state court under *Colorado River*, we decline to consider this theory for the first time on appeal. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983) (noting generally that "the decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance"); *Fox*, 16 F.3d at 1082 ("We decline to determine in the first instance whether deference to the state court proceedings is warranted, for to do so would overstep the bounds of our review for abuse of discretion and enter the realm of de novo review."). If the Loeb defendants pursue this theory on remand, the district court may consider it at that time.[4]

---

[4] The Loeb defendants also assert that we may affirm based on the *Rooker-Feldman* doctrine. But *Rooker-Feldman* only "bars federal courts from reviewing the judgments and decisions of state courts once they have become final." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1230 n.7; *see also Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006) ("*Rooker-Feldman* applies only to suits filed after state proceedings are final."). Here, there's no dispute that Wyles filed his federal suit before the state case was final. Thus, *Rooker-Feldman* doesn't apply. Instead, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).

For these reasons, we vacate the district court's dismissal order and remand for further proceedings.[5]

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[5] As a result, we deny the Loeb defendants' motion for attorney's fees on appeal. *See Kreft v. Adolph Coors Co.*, 170 P.3d 854, 859 (Colo. App. 2007).