FILED
United States Court of Appeals
Tenth Circuit

January 7, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MADINA BUHENDWA,

    Plaintiff-Appellant,

v.

REGIONAL TRANSPORTATION
DISTRICT,

    Defendant-Appellee.

No. 13-1220
(D.C. No. 1:12-CV-01711-PAB-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

Since 2007, Ms. Madina Buhendwa has allegedly been injured three times in
bus accidents.[1] Each time, the bus was owned and operated by the Regional
Transportation District. And on each occasion, the Transportation District refused to
pay for Ms. Buhendwa's medical care. When the Transportation District refused

---

[*] This order and judgment does not constitute binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir.
R. 32.1.

[1] In responding to the Defendant's motion to dismiss, Ms. Buhendwa said she
was struck by the bus the first time and fell on the bus the other two times.
Plaintiff's Objection to Defendant's Motion to Dismiss Plaintiff Amended
Complaint, and Jury Demand at 6 (Sept. 17, 2012).

payment for her third bus accident, Ms. Buhendwa sued, claiming that the Transportation District had paid for medical treatment when the victims were white and refused to pay for her treatment only because she is black. Thus, Ms. Buhendwa sued for discrimination, invoking 42 U.S.C. § 1983, 42 U.S.C. § 1981, and 42 U.S.C. § 2000d. The district court dismissed the action for failure to state a valid claim; and she appeals, seeks leave to proceed *in forma pauperis*, and asks for oral argument. We affirm, grant pauper status, and decline the request for oral argument.

I.      The Appeal

In the amended complaint, Ms. Buhendwa alleges that she was injured by a fall or a collision in 2007, 2010, and 2012. She alleges that she sued over the 2007 incident, but the state district court dismissed the suit. *See Buhendwa v. Regional Transportation District*, 2011 WL 2715155 (Colo. App. July 14, 2011) (affirming the district court's judgment). According to Ms. Buhendwa, the Transportation District ultimately agreed to fund the medical care for three white individuals injured in bus accidents. This allegation does not salvage the amended complaint under any of the Plaintiff's legal theories.

A.      The Standard of Review

In reviewing the dismissal, we assume the truth of the factual allegations in the amended complaint and view them in the light most favorable to Ms. Buhendwa. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). These allegations suffice only if they contain sufficient factual matter to state a claim

that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Once the district court assesses the sufficiency of the factual allegations, we review its decision *de novo*. *Burnett*, 706 F.3d at 1235.

B.    42 U.S.C. § 1983

The district court concluded that the factual allegations did not suffice under 42 U.S.C. § 1983, and we agree.

Under § 1983, the Plaintiff can recover only if the legal violation involved the federal constitution or federal law. *See Dodds v. Richardson*, 614 F.3d 1185, 1193 (10th Cir. 2010). Here the violation is said to involve the right to equal protection. This right is protected by the Fourteenth Amendment, but applies only when the difference in treatment involves individuals who are similarly situated. *Coal. For Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1199 (10th Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). Individuals are "similarly situated" only if they are alike "in all relevant respects." *Id.*

In the amended complaint, Ms. Buhendwa refers to nineteen individuals who obtained payment from the Transportation District after injury in a bus accident:

- Michael Keranen,

- Ernestine Martin,

- Patricia Henisse,

- Edison Kee,

- Vermon Hall,

- Marvin Webb,

- Carla Miranda,

- Dustin Peletier,

- Jacqueline LaDaga, and

- ten unidentified individuals.

Ms. Buhendwa identifies the race of only three of these individuals (Michael Keranen, Vermon Hall, and Marvin Webb). Amended Complaint and Jury Trial Demand of Six (6), ¶¶ 4, 14-15 (Aug. 8, 2012). And even for these three, Ms. Buhendwa does not allege facts suggesting similarity to her own dispute with the Transportation District.

For example, the Plaintiff acknowledges that Michael Keranen had to sue to obtain payment. *Id.*, Exhs. 32, 58-60 (discovery filings in Michael Keranen's suit against the Regional Transportation District). Though Ms. Buhendwa also sued for her injury in 2007, she lost the suit.

Another of the victims (Marvin Webb) died as a result of his bus accident. *Id.* ¶ 15. Though the Plaintiff alleges an ankle injury and head trauma,[2] she does not suggest that her injuries compared to Mr. Webb's.

---

[2] Amended Complaint and Jury Trial Demand of Six (6), ¶ 30 (Aug. 8, 2012) (head trauma in the third incident); *see* Plaintiff's Objection to Defendant's Motion to Dismiss Plaintiff Amended Complaint, and Jury Demand at 8 (Sept. 17, 2012) (ankle injury and head trauma in the second and third incidents).

The third victim, Vermon Hall, was a 72-year-old cyclist hit by a bus-driver who had a prior citation for careless driving and admittedly failed to slow down when he saw the cyclist. *Id.,* Exh. 7. Again, Ms. Buhendwa does not allege any facts in the amended complaint to suggest a similarity between her incidents and Mr. Hall's.

Ms. Buhendwa has not alleged facts indicating similarities with any of the white individuals allegedly reimbursed by the Transportation District. As a result, Ms. Buhendwa has not pled a plausible basis for relief on her equal-protection claim under § 1983.

C.    42 U.S.C. § 1981

Ms. Buhendwa also invokes 42 U.S.C. § 1981, which prohibits discrimination in the performance of contracts. *See Reynolds v. Sch. Dist. No. 1,* 69 F.3d 1523, 1532 (10th Cir. 1995). As the district court acknowledged, the Plaintiff alleged facts suggesting a contract for the use of public transportation. But Ms. Buhendwa does not claim interference with her use of public transportation. *See* Plaintiff's Objection to Defendant's Motion to Dismiss Plaintiff Amended Complaint, and Jury Demand at 12 (Sept. 17, 2012) (Ms. Buhendwa's statement, in response to the motion to dismiss, that she "can ride the bus").

Instead, she claims that the Transportation District refused to pay when it injured her through tortious acts. These tortious acts do not involve contracts; they involve torts. Thus, the district court correctly dismissed the § 1981 claim.

- 5 -

D.    42 U.S.C. § 2000d

Ms. Buhendwa also invokes 42 U.S.C. § 2000d, which prohibits discrimination based on race. As discussed above, Ms. Buhendwa has not alleged enough factual matter to state a plausible claim of racial discrimination. Thus, the district court correctly dismissed the § 2000d claim. *See Mumid v. Abraham Lincoln High School*, 618 F.3d 789, 795 (8th Cir. 2010) (holding that the defendant was entitled to summary judgment on the § 2000d claim because the plaintiffs had "fail[ed] to identify a similarly situated comparator" that was treated more favorably).

II.    *In Forma Pauperis*

Ms. Buhendwa also moves for leave to proceed *in forma pauperis*. She qualifies for this status because she cannot pay the filing fee. This motion is granted.

III.    Oral Argument

The Plaintiff also moves for oral argument. This motion is denied because oral argument would not aid in the decision.

IV.    Summary

We affirm the dismissal, grant leave to proceed *in forma pauperis*, and deny the request for oral argument.

Entered for the Court


Robert E. Bacharach
Circuit Judge

- 6 -