**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MADINA BUHENDWA,

     Plaintiff - Appellant,

v.

REGIONAL TRANSPORTATION
DISTRICT, University Based Pass/CU
Student Bus Pass; (15) BOARD OF
DIRECTORS, in their official capacity;
JAMES A. STADLER, in his official
capacity; STEPHEN P. SCHMITZ, in his
official capacity; UNKNOWN DRIVER, in
his official capacity; BENJAMIN
NORMAN, in his official capacity; BILL
JAMES; BARBARA DEADWYLER;
ANGIE RIVERA-MULPIEDE; JEFF
WALKER; CLAUDIA FOLSKA; TOM
TOBIASSEN; GARY LASATER; KENT
BAYLEY; JUDY LUBOW; LARRY
HOY; PAUL DANIEL SOLAMO;
LORRAINE ANDERSON; NATALIE
MENTEN; BRUCE DOLTY; CHARLES
L. SISK,

     Defendants - Appellees.

No. 17-1116
(D.C. No. 1:16-CV-03119-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.  .

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

Madina Buhendwa, proceeding pro se,[1] appeals the district court's order

dismissing her complaint as duplicative of a previous action. We affirm.

For many years, and in multiple lawsuits, Buhendwa has unsuccessfully sought to

recover against the Regional Transportation District (RTD) for injuries she allegedly

sustained during bus accidents. *See Buhendwa v. Reg'l Transp. Dist.*, 553 F. App'x 768,

769-70 (10th Cir. 2014) (unpublished). In 2014, we affirmed the dismissal of

Buhendwa's first federal action because she failed to state a claim on which relief could

be granted. *See id.* at 771. Two months later, Buhendwa brought a new action against

RTD that presented claims identical to those in her first action.

The district court dismissed that second action, concluding that res judicata barred

Buhendwa from litigating her previously dismissed claims. Buhendwa moved for post-

judgment relief in the form of an independent action, or, alternatively, under Federal Rule

of Civil Procedure 60. Buhendwa asserted that RTD (or its counsel) had defrauded the

court in order to obtain dismissal. But before the district court ruled on that motion,

Buhendwa filed her complaint in the present action.[2] The complaint is essentially

identical to her motion for post-judgment relief in the second action.

_____

[1] We liberally construe pro se pleadings. But we don't act as an advocate for
pro se litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th
Cir. 2005).

[2] While Buhendwa's motion for post-judgment relief was pending, she also
sought a writ of mandamus from this court. We denied her petition, noting that a
direct appeal would be the appropriate vehicle for seeking our review.

The district court dismissed the present action, concluding that Buhendwa failed to explain "why the current case is not duplicative of her previous case." R. 95. Buhendwa appeals that dismissal,[3] and we review for abuse of discretion. *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002).

We've previously held that a district court may dismiss a suit "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Id.* (alteration in original) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). But here, the district court didn't expressly analyze whether Buhendwa's second action was "pending," as our precedent seems to require. *Id.*

Nevertheless, Buhendwa doesn't argue that the district court erred in dismissing her action as duplicative of a non-pending parallel action. Indeed, Buhendwa fails to raise *any* articulable challenge to the district court's reasoning. *See United States v. Apperson*, 441 F.3d 1162, 1195 (10th Cir. 2006) (explaining that appellant "fail[ed] to offer any detailed explanation of how the district court erred" and thus "failed to sufficiently place [its] rulings at issue"); *Garrett*, 425 F.3d at 841 (noting that even pro se appellant's brief "must contain . . . more than a generalized assertion of error, with citations to supporting authority" (alteration in original) (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001))). We therefore affirm.

---

[3] We reject RTD's assertion that Buhendwa's appeal is untimely. RTD wrongly bases its calculation on the district court's initial dismissal order, rather than on the district court's subsequent denial of Buhendwa's motion under Federal Rule of Civil Procedure 59. *See* Fed. R. App. P. 4(a)(4)(A)(iv) (noting that time to file notice of appeal runs from disposition of timely Rule 59 motion).

As a final matter, we deny Buhendwa's motion to proceed on appeal in forma pauperis.

Entered for the Court


Nancy L. Moritz
Circuit Judge