FILED
United States Court of Appeals
Tenth Circuit

December 18, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MADINA BUHENDWA,

     Plaintiff - Appellant,

v.

REGIONAL TRANSPORTATION
DISTRICT, University Based Pass/CU
Student Bus Pass; (15)  BOARD OF
DIRECTORS, in their official capacity;
JAMES A. STADLER, in his official
capacity; STEPHEN P. SCHMITZ, in his
official capacity; UNKNOWN DRIVER, in
his official capacity; BENJAMIN
NORMAN, in his official capacity; BILL
JAMES; BARBARA DEADWYLER;
ANGIE RIVERA-MULPIEDE; JEFF
WALKER; CLAUDIA FOLSKA; TOM
TOBIASSEN; GARY LASATER; KENT
BAYLEY; JUDY LUBOW; LARRY
HOY; PAUL DANIEL SOLAMO;
LORRAINE ANDERSON; NATALIE
MENTEN; BRUCE DOLTY; CHARLES
L. SISK,

     Defendants - Appellees.

No. 18-1092
(D.C. No. 1:17-CV-02167-RM-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.

_____

Plaintiff Madina Buhendwa, proceeding pro se, appeals from the dismissal of her complaint by the United States District Court for the District of Colorado. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In September 2017 Plaintiff filed a complaint against the Regional Transportation District (RTD) and several other defendants connected to the RTD. This is her fourth lawsuit against the RTD, all of which relate to alleged civil-rights violations and injuries sustained in bus accidents. *See Buhendwa v. Reg'l Transp. Dist.*, No. 16-cv-03119-LTB (D. Colo. Feb. 6, 2017) (ECF No. 13, Order of Dismissal), *aff'd*, 694 F. App'x 664 (10th Cir. 2017) (*Buhendwa III*); *Buhendwa v. Reg'l Transp. Dist.*, 82 F. Supp. 3d 1259 (D. Colo. 2015) (*Buhendwa II*); *Buhendwa v. Reg'l Transp. Dist.*, 2013 WL 1222307 (D. Colo. Mar. 22, 2013), *aff'd* 553 F. App'x 768 (10th Cir. 2014) (*Buhendwa I*). Her complaint in this action purports to be "withdrawing and refiling" the complaint from *Buhendwa III*, R. at 8; and it is essentially a photocopy of that prior complaint except for additional pages with statements about why it is being refiled. The district court dismissed Plaintiff's claims on two independent grounds: res judicata and failure to state a claim on which relief can be granted.[1]

_____

[1] In addition to dismissing the action, the district court imposed filing restrictions on Plaintiff due to her lengthy and abusive filing history. We do not address these filing restrictions, because Plaintiff does not challenge them on appeal.

Because Plaintiff is proceeding pro se, we liberally construe her filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Under Fed. R. App. P. 28(a)(8)(A), the appellant's brief must include an argument with "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." And "when a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted). "Issues will be deemed waived if they are not adequately briefed." *Id.* And an issue is not adequately briefed if the party's argument is "incomprehensible." *Zander v. Knight Transportation, Inc.*, 688 F. App'x 532, 533 (10th Cir. 2017). Plaintiff's briefs are incomprehensible. Even construing them liberally, we cannot discern an adequately briefed argument contesting the district court's grounds for dismissal. Plaintiff therefore is not entitled to appellate review. *See Garrett*, 425 F.3d at 841. We add only that our review of the district court's decision suggests that it was sound. And to the extent that Plaintiff is challenging the decisions in *Buhendwa III*, the opportunity to do so ended with our decision in that case.

For obvious reasons, we also reject Plaintiff's challenge to the district court's denial of her request for appointment of counsel.

We **AFFIRM** the judgment below.  We **DENY** Plaintiff's motion to proceed on appeal *in forma pauperis*, and we **DENY** her "Motion Requesting Hearing on Jurisdictional Issue" as moot.


Entered for the Court


Harris L Hartz
Circuit Judge